UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10294-RGS

LIONEL WILLIAMS

v.

UNITED TECHNOLOGIES D/B/A
DELTA-BECKWITH ELEVATOR
COMPANY

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

April 12, 2013

STEARNS, D.J.

Plaintiff Lionel Williams is a former employee of defendant Delta Elevator Service Corporation d/b/a Delta Beckwith Elevator Company (Delta Beckwith). Delta Beckwith designs, installs, and services elevators and escalators at job sites throughout New England. Williams worked for Delta Beckwith as an apprentice from 2003 through 2009. Williams was a member of the union representing Delta Beckwith's mechanics, helpers, and apprentices, the International Union of Elevator Constructors, AFL-CIO (Union).[1] Delta Beckwith laid off Williams in 2009, as part of a reduction

---

[1] Delta Beckwith and the Union had aat all relevant times a collective bargaining agreement that governed the terms of Williams' employment (CBA). *See* Cummings Aff. ¶ 7.

in its workforce. Under the CBA, the Company was required to lay off apprentices at the most junior status level first. SOF ¶ 36. At the time, Williams' status level was a 3that of a third year apprentice, placing him among the apprentices at the most junior status level. Williams claims that Delta Beckwith laid him off in retaliation for his complaints about the company's "unfair and prejudi[cial] treatment because of his race and color in regards to job assignments and opportunities, such as job training, that was afforded to other employees of a different race." Compl. ¶ 5.

Williams filed a complaint against Delta Beckwith with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission (EEOC) on April 29, 2010, which the EEOC dismissed on November 9, 2011. Cummings Aff. at ¶¶ 21-22. Williams, who is proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 1332, on February 8, 2012. In addition to a claim of race discrimination under state law, Williams barebones Complaint also alleges that he "was not receiving pay as per the collective bargaining agreement. Compl. ¶ 7.

Delta Beckwith moves for summary judgment. Williams has failed to oppose the motion. As a consequence, the Statement of Undisputed Material Facts filed by Delta Beckwith is deemed admitted. *See* D. Mass. L.R. 56.1.

Williams' state law discrimination claim fails on jurisdictional grounds.. Williams alleges that Delta Beckwith "exists under a charter granted by the

2

Commonwealth having its usual place of business at Shawmut Street, Canton, Massachusetts." Compl. ¶ 2. Williams is a resident of Massachusetts. Given the absence of diversity of citizenship, there is no basis for the court to entertain the state law claim.

As Williams could have plead claims under federal law, the court will give him the benefit of the doubt and proceed to the merits. Williams bases his loss of pay claim on his belief that "anything before seven is OT." Williams Dep. at 84. He admits, however, that he never worked longer than an eight-hour shift. *Id.* at 79. Under Article XV, para. 1 of the CBA, all differences and disputes regarding terms of employment "shall be resolved" under the grievance and arbitration procedure set out in Article XV. *See* Cummings Aff. ¶ 8; SOF ¶ 9. Because Williams has not in pursued his remedies under the CBA, he is barred in the first instance from pursuing them here. Moreover, Williams testified that he most recently commenced work prior to 7:00 a.m. in 2008. Williams Dep. at 84. Williams filed his Complaint on February 8, 2012. Violations of the Massachusetts Wage and Hour Law are subject to a two-year statute of limitations. *See* Mass. Gen. Laws ch. 151, § 20A. Overtime claims under the Fair Labor Standards Act (FLSA) also are governed by a two-year statute of limitation (unless willfulness is pled, in which case the limitations period is three years). *See* 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988). Thus

under, state and federal law, Williams' claims are barred in the second instance by the relevant statutes of limitations.

Williams also alleges that Delta Beckwith discriminated against him by failing to provide him training, giving him undesirable job assignments, and then "retaliated against him by laying him off on October 13, 2009." Compl. ¶ 8. To make out a claim of disparate treatment, Williams must show that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action by Delta Beckwith; and (4) there must be some evidence of a causal connection between his membership in a protected class and the adverse employment action. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Bhatti v. Trs. of Boston Univ.*, 659 F.3d 64, 71 (1st Cir. 2011). "In a disparate treatment case, the plaintiff has the burden of showing that [he] was treated differently from 'persons similarly situated' in all relevant aspects." *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994). Williams has failed on the face of the Complaint to make out a prima facie case as there is no showing of unequal treatment with respect to other junior level apprentices of different race or ethnicity.[2] That notwithstanding, Delta

---

[2] Delta Beckwith states that it selected apprentices for layoff objectively, ranking third-year apprentices by performance. SOF ¶ 41. Delta Beckwith then selected the two lowest-ranked for layoff: Williams and Brian Buckley, a white male. *Id.* ¶¶ 43-44. Delta Beckwith did not lay off Kevin Anfield, another black third-year apprentice, for

Beckwith has articulated legitimate, nondiscriminatory reasons for the manner in which it allocates job assignments and training opportunities. It states that its apprentice job assignments include providing assistance to senior mechanics on projects, or more general assignments such as driving loads of equipment to job sites. SOF ¶¶ 3-4. Apprentices receive training largely through their work with senior mechanics. SOF ¶ 5. Delta Beckwith assigns apprentices to projects based on a number of factors including their experience level, status level, and availability. SOF ¶ 6. It points out that Williams fails to point to "even a single similarly situated non-black employee who was treated differently from him, nor does he have any evidence of discrimination beyond his own speculation." Opp'n Mem. at 1.

Finally, to establish a prima facie case of retaliation, Williams must show that (1) he engaged in protected conduct; (2) he was subjected to an adverse employment action; and (3) the adverse employment action was causally linked to the protected conduct. *See Prescott v. Higgins*, 538 F.3d 32, 43 (1st Cir. 2008). Because Williams has failed to cite a single instance of protected activity, the analysis ends, and the retaliation claim must be dismissed. *Id.* On the merits Williams fares no better. According to his deposition testimony, Delta Beckwith retaliated against him based

---

layoff. *Id.* ¶ 46. It in fact ranked Anfield among its highest performing apprentices. *Id.* ¶ 47.

upon his encounter with a supervisor Giovanni Delesandro over a letter of reprimand Williams received for failing to report to a job in New Bedford. Williams Dep. at 136-138. Williams claimed that he did not report to the job because he lacked transportation. Delesandro provided Williams with his telephone number and instructions that in the future he must call and report his inability to get to a job site. Williams claims that, in Delesandro's presence, he threw the paper in the trash. *Id.* at 134-135.

There is no evidence that Delesandro's letter of reprimand was race-based, or that Williams' angry response amounted to protected activity. *See Walker v. City of Holyoke*, 523 F. Supp. 2d 86, 113 (D. Mass. 2007) (a protected activity is an act challenging an employment practice as unlawful under anti-discrimination statutes). Moreover, the incident occurred in 2005, more than four years prior to Williams' termination, far too long to infer a causal link between the act and Williams' termination. *See Thompson v. Coca-Cola Co.*, 522 F.3d 168, 181 (1st Cir. 2008) (inferences of causation "ha[ve] a limited lifespan" and the inference "weakens and eventually collapses" as the elapsed time becomes greater).

## ORDER

For the foregoing reasons, defendant's motion for summary judgment is ALLOWED. The Clerk will enter judgment for Delta Beckwith and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE